IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| SAMUEL LEWIS HAYES,<br>TDCJ-CID # 619732, | § § § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. V-04-083 |
| HARVEY REYNOLDS, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Samuel Louis Hayes, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights suit against Jackson County Sheriff Harvey Reynolds and Jackson County, Texas. Hayes complains that he was unlawfully arrested and subjected to excessive force. He also claims that property was unlawfully taken from him at the time of his arrest. The court will dismiss this action as legally baseless because it is untimely.

Hayes states that he was arrested in Wharton County on August 26, 1973, for aggravated sexual assault. He alleges that the arresting office never showed him a warrant and never read him his rights. In addition, Hayes's car was towed away without his permission and all his clothes were taken for evidentiary purposes. Hayes claims that he had $ 800.00 in one of his pockets.

Hayes states that he was abused after he was arrested. While being transported from Wharton County to Jackson County, Hayes was taken to a remote area and threatened with being shot. He was then taken to jail where he was beaten by city and county sheriff's officers. Hayes was taken before a magistrate who advised him of his rights and set his bond at $ 50,000.00 on September 20, 1973. Hayes continued to endure mistreatment while he remained in jail during the latter part of 1973. He was denied the opportunity to bathe and was fed only sack lunches for six days. During one incident, Hayes suffered two swollen eyes and a lost tooth.

Hayes seeks compensation for the purported violations of his rights under the Eighth Amendment and for the property that was wrongfully taken from him. He also seeks redress for the wrongful arrest.

This action is barred by limitations because the complained of incidents occurred more than thirty years before the complaint was filed. In a section 1983 action, the court looks to the forum state's personal-injury limitations period. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998), *citing Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). In Texas, the statute of limitations period is two years after the date on which the cause of action arose. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). While state law provides the limitation period, federal law determines when an action accrues. *Jacobsen*, 133 F.3d at 319. Under federal law, an action accrues when the plaintiff knows or has reason to know that he has been injured. *Holmes v. Texas A&M University*, 145 F.3d 681, 684 (5th Cir. 1998). Hayes was clearly aware of the alleged wrongs in 1973 and this action was not filed until 2004. Therefore, this action is barred as untimely.

Therefore, this action is **DISMISSED** with prejudice because Hayes fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e).

Hayes's Application to Proceed *In Forma Pauperis* (Docket Entry No. 2) is **GRANTED**. Hayes is **ORDERED** to pay the entire filing fee as soon as funds become available under the provisions of the Prison Litigation Reform Act. 28 U.S.C. § 1915(b); *Hatchet v. Nettles*, 201 F.3d 651 (5th Cir. 2000). The TDCJ-CID Inmate Trust Fund is **ORDERED** to deduct 20% of each deposit made to Hayes's inmate trust account, if the account exceeds $10.00, and forward the funds to the Clerk on a regular basis, in compliance with § 1915(b)(2), until the entire filing fee ($150.00) has been paid.

Hayes has filed several motions seeking court appointed counsel. In general, there is no right to court appointed counsel in civil rights cases. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir.

1989). Appointment of counsel is not warranted in this action because it is clearly dismissible and the presence of counsel would not alter the outcome. *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998). Hayes's motions (Docket Entry Nos. 4, 5, and 7) are **DENIED**.

### Conclusion

The court **ORDERS** the following:

1. The Application to Proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2. The Texas Department of Criminal Justice - Institutional Division Inmate Trust Fund is **ORDERED** to collect the filing fee and forward it to the court as provided in this Order.

3. The motions for court appointed counsel (Docket Entry Nos. 4, 5, and 7) are **DENIED**.

4. This cause of action, filed by Inmate Samuel Louis Hayes, TDCJ-ID # 619732, is **DISMISSED** because it is frivolous. 28 U.S.C. § 1915(e)(2)(B).

5. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; the TDCJ-ID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number Fax Number (936) 437-4793; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 26th day of September, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE